**UNITED STATES, Appellee,**

v.

**Robert E. JONES, Staff Sergeant,
U.S. Marine Corps, Appellant.**

No. 68,028.
CMR No. 90–3489.

U.S. Court of Military Appeals.

Argued March 4, 1993.

Decided Sept. 20, 1993.

For Appellant: *Lieutenant Karen M. Miller,* JAGC, USNR (argued); *Lieutenant James R. Crisfield, Jr.,* JAGC, USNR (on brief).

For Appellee: *Lieutenant Mary Grace Manion,* JAGC, USNR (argued); *Colonel T.G. Hess,* USMC, *Commander W.F. Shields,* JAGC, USN, *Lieutenant J.C. Foster,* JAGC, USNR (on brief); *Lieutenant Commander Lawrence W. Muschamp,* JAGC, USN.

*Opinion of the Court*

WISS, Judge:

Appellant pleaded guilty at his general court-martial to wrongful use and attempted distribution of cocaine, in violation of

Articles 112a and 80, Uniform Code of Military Justice, 10 USC §§ 912a and 880, respectively. Appellant's sentence extended to a dishonorable discharge, confinement and forfeiture of $482.00 pay per month for 18 months, and reduction to the lowest enlisted grade. The convening authority approved these results, but he suspended confinement in excess of 6 months for 1 year. The Court of Military Review affirmed in an unpublished opinion dated February 10, 1992.

We granted review to consider whether the military judge erred by accepting the plea to attempted distribution of cocaine as an aider and abettor, since neither the stipulation of fact nor the providence inquiry established that the perpetrator had, in law, committed the crime of attempted distribution.[1] While we agree with appellant that, to be guilty as an aider and abettor, the principal had to have committed the crime that he aided or abetted, *see* Art. 77, UCMJ, 10 USC § 877, this record satisfactorily indicates that predicate occurred.[2]

### I

The providence inquiry and the stipulation of fact together establish the following scenario: A friend of appellant's named Moderson—who secretly was an NIS informant—asked if appellant could get him some rock cocaine. Appellant did not have any but indicated that a friend of his, Mimi Snead, either would have some or would know how to get it.

The two drove in their own cars to a location where they knew they could find Snead. On arrival, they did in fact "hook[ ] up" with her, and Moderson and Snead "discussed" their deal in appellant's presence. Mimi acknowledged that she could get the cocaine that Moderson wanted, and they agreed to meet in the same place at 2:00 the next morning.

In the meantime, however, Mimi came to suspect Moderson's informant status, so she did not make the rendezvous. Before she decided to call it off, though, she had in fact obtained the rock cocaine that had been the subject of the negotiations.

The theory at trial of appellant's guilt to attempted distribution was that he had aided and abetted Snead's attempted distribution. Appellant admitted during the providence inquiry that his purpose in introducing Moderson to Snead was to effectuate the distribution of cocaine; that, but for Snead later becoming suspicious of Moderson, the distribution would have occurred as agreed; and that he did all that he could to accomplish that distribution.

### II

█ Article 77 establishes the law of principals under the Uniform Code of Military Justice:

Any person punishable under this chapter who—

(1) *commits an offense* punishable by this chapter, *or aids, abets,* counsels, commands, or procures *its commission;* or

(2) causes an act to be done which if directly performed by him *would be punishable by this chapter;*

is a principal.

(Emphasis added.) It is entirely clear from this unambiguous language that, to be guilty as an aider and abettor, the actual perpetrator had to have committed some crime punishable under the Uniform Code of Military Justice. *United States v. Hill,* 25 MJ 411, 412 (CMA 1988). *Accord* 22 CJS Criminal Law § 128 at 157 (1989); 21 Am Jur 2d, Criminal Law § 167 at 325–26 (1981). Thus, the question becomes for our purposes whether the providence inquiry and the stipulation of fact indicate that Snead had committed the crime of wrongful attempted distribution of cocaine.

---

**1.** We granted review (36 MJ 203) of two other issues that, in the meantime, have been resolved against appellant's interests, *see United States v. Carpenter,* 37 MJ 291 (CMA 1993); *United States v. Graf,* 35 MJ 450 (CMA 1992), *cert. granted sub nom. Weiss v. United States,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

**2.** In light of our answer to the granted issue, we do not need to address the theory, raised by Judge Cox, that appellant's actions and the providence inquiry adequately support his conviction as a perpetrator.

██ The crime of "attempt" requires that the perpetrator do some act, with the specific intent to commit an offense under the UCMJ, that is "a substantial step" toward accomplishing that offense—"some overt act, beyond mere preparation." Art. 80, UCMJ, 10 USC § 880; *United States v. Schoof*, 37 MJ 96, 102 (CMA 1993). The act must be one that indicates "the firmness" of the perpetrator's resolve to commit the crime. *Id.* at 103; *United States v. Byrd*, 24 MJ 286, 290 (CMA 1987). *Schoof* approvingly referred to a description of such acts as those going beyond "devising or arranging the means or measures necessary for the commission of the offense" and, instead, are a "direct movement toward the commission after the preparations are made." *United States v. Schoof, supra* at 103, *quoting* R. Perkins and R. Boyce, *Criminal Law* 617 (3d ed.1982), *in turn quoting People v. Murray*, 14 Cal. 160 (1859).

██ Without doubt, Snead's actual procurement of the rock cocaine for later distribution to Moderson, as they all had agreed, is such a step. At that point, she had committed the crime of attempted distribution. The only reason the distribution did not occur was Snead's fear, arising *after* she had taken this step, that she would get caught by the police. Under these circumstances, her decision not to consummate the deal does nothing to alter her legal liability for the completed attempt. *See United States v. Schoof, supra.*

Given this state of the record, there can be no viable argument that there is any substantial inconsistency with appellant's pleas of guilty to having aided and abetted Snead's completed crime of attempted distribution. *See* Art. 45(a), UCMJ, 10 USC § 845(a).

### III

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge GIERKE concur.

COX, Judge, joined by CRAWFORD, Judge (concurring in the result):

I have no doubt that one who aids and abets another who is attempting to commit an offense is himself guilty of attempt. However, I disagree that it was necessary on this record to find that Mimi, the seller, had attempted to sell cocaine in order to find appellant's pleas provident.

Appellant was charged with a straightforward attempted distribution of cocaine. The specification of the Additional Charge alleged that appellant

did, at the Hopkins Building, Jacksonville, North Carolina, on or about the 21st or 22nd of April, 1989, attempt to distribute cocaine, a controlled substance.

Art. 80, Uniform Code of Military Justice, 10 USC § 880.

During the providence inquiry, the military judge enumerated the elements of the offense, and appellant acknowledged his guilt to each and every one of them. The judge described several theories of liability with appellant, including aiding and abetting. However, the judge also discussed the sufficiency of appellant's own actions as themselves constituting an attempted distribution of cocaine:

MJ: Now, I'm not saying that you're guilty only on the theory of aiding and abetting because it appears by going with this man by the name of ... [the informant] and bringing him to the bus station and introducing him to a person who could provide him with the cocaine that you were, in effect, attempting to transfer cocaine from one individual to another individual.

Do you understand that?

ACC: Yes, sir.

\*　　　\*　　　\*

MJ: And are you satisfied that you took actions going way beyond, if you will, mere preparation, that you actually

moved him [the informant] from one location to another location where you thought the transfer would take place?

ACC: Yes, sir.

Thereafter, the military judge "accepted" appellant's pleas of guilty to the Additional Charge and its specification. Appellant's recitation of the facts during the providence inquiry and the stipulation of fact abundantly support his liability for directly attempting to distribute cocaine.

For the sake of argument, I will assume it theoretically possible for one to aid and abet another without personally attempting to commit a crime. This, at least, is not such a case.