UNITED STATES, Appellee

v.

Robert M. PAYNE, Staff Sergeant
U.S. Air Force, Appellant

No. 13-0345

Crim. App. No. 37594

United States Court of Appeals for the Armed Forces

Argued October 8, 2013

Decided January 6, 2014

ERDMANN, J., delivered the opinion of the court, in which BAKER, C.J., STUCKY and RYAN, JJ., and EFFRON, S.J., joined.

<u>Counsel</u>

For Appellant:  Captain Nicholas D. Carter (argued).

For Appellee:  Captain Thomas J. Alford (argued); Colonel Don Christensen and Gerald R. Bruce, Esq. (on brief).

Military Judges:  Katherine E. Oler and Dawn R. Eflein

**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, Staff Sergeant (SSgt) Robert Payne was convicted by a general court-martial with members of one specification of attempting to communicate indecent language to a child under the age of sixteen, one specification of attempting to transfer obscene material to a minor, and one specification of attempting to persuade a minor to create child pornography, all in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2006). He was also convicted of three specifications of failure to obey a lawful general regulation by misusing his Government computer in committing the above-mentioned offenses, in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2006). Payne was sentenced to three years of confinement, a dishonorable discharge, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence except for the forfeitures, and the United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the sentence in an unpublished opinion. United States v. Payne, No. ACM 37594, 2013 CCA LEXIS 18, at *38, 2013 WL 375777 at *18. (A.F. Ct. Crim. App. Jan. 17, 2013) (unpublished).

Both Article 51(c) UCMJ, 10 U.S.C. § 851(c) (2006), and Rule for Courts-Martial (R.C.M.) 920(e)(1), require a military judge to instruct the members on the elements of each offense

charged. We granted review to determine whether the military judge properly instructed the members on the elements of Charge I, Specification 4, which alleged an attempt to persuade a minor to create child pornography in violation of Article 134, UCMJ clauses 1 and 2.[1] We conclude that she did not properly instruct the members as to Specification 4, but that the error was harmless beyond a reasonable doubt. We therefore affirm the CCA.

## Background

SSgt Payne engaged in a series of sexually explicit Internet chats and phone calls with an undercover civilian sheriff's deputy who Payne believed to be a fourteen-year-old girl named "Marley." The communications took place over a period of about a month and a half. As a part of those chats, Payne repeatedly asked "Marley" to send him pictures of herself. Some of these requests were for "nude" pictures, while others were more general. Payne also promised nude pictures of himself in exchange for nude pictures of "Marley." While Payne sent "Marley" nude pictures of himself, as well as a video of himself

---

[1] Specifically, we granted review of the following issue:

> Whether the military judge improperly instructed the members of the elements for creation of child pornography.

United States v. Payne, 72 M.J. 407 (C.A.A.F. 2013) (order granting review).

masturbating, "Marley" did not respond in kind.  Eventually,
Payne traveled from Philadelphia to upstate New York to meet
"Marley," where he was arrested by local law enforcement
authorities.

At trial, Payne's defense to the Charge I specifications
focused almost exclusively on the defense of entrapment.  While
the defense did not contest his underlying conduct, Payne did
object to the military judge's proposed instructions on the
Charge I offenses.  He argued that:

> [F]or all four specifications under Charge I, we
> object to your instructions because we do not believe
> that the government in its pleadings identified the
> offenses to which you are listing elements.  We
> believe that based on what trial counsel stated when
> she read the identity of the elements to us and later
> to the members in their initial discussion about these
> findings instructions as you've memorialized on the
> record, and even at present, we believe that these
> elements are not necessarily a fair parsing of what
> was pled in each of the four specifications in Charge
> I.
>
> As I said in the 802 conference, our challenge is
> this, we have a duty to candor towards a tribunal and
> to identify any errors and give you a forthright
> answer, but we also have a competing duty to Staff
> Sergeant Payne and not to assist the government or
> even the bench in perfecting elements in charges
> against him if we think that there's, perhaps, a right
> way to do this.  And therefore, we simply say that we
> don't believe that the court has been able, due to the
> nature of the pleadings, to properly identify if these
> are offenses and if so, what those elements would be.

The military judge did not specifically rule on the objection
and she gave the members her proposed instructions concerning

Charge I.  As to Specification 4, the military judge described the specification as "the offense of soliciting a minor to create child pornography" and subsequently provided the following instruction:

> First, that, within the continental United States, on divers occasions from on or about 1 June 2008 to on or about 1 August 2008, the accused attempted to persuade, induce, entice, or coerce "Marley," someone he believed was a female 14 years of age, to commit the offense of creating child pornography by requesting that she send nude photos of herself to the accused;
>
> Second, that the accused intended that the person he thought was "Marley" actually produce one or more visual depictions of her nude body to send to him electronically or through the mail;
>
> Third, that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The military judge also instructed the members that they must find that "the accused's statements constituted a serious request that the offense be committed."  In addition, she instructed that "'[c]hild pornography' means any visual depiction of a minor engaging in sexually explicit conduct," and that "'[s]exually explicit conduct' includes masturbation or lascivious exhibition of the genitals or pubic area of any person," and also properly defined the term "lascivious exhibition."  Following these definitions, the military judge instructed the members that to convict on this specification,

5

the panel must be convinced beyond a reasonable doubt that Payne "specifically intended that 'Marley' produce visual depictions of a minor engaged in sexually explicit conduct."

The members convicted Payne of Specifications 2, 3, and 4 under Charge I.  Before the CCA, in regard to Specification 4, Payne argued that the military judge erred by failing to properly instruct the members on the elements of attempt. Payne, 2013 CCA LEXIS 18, at *14, 2013 WL 375777 at *5.  While the CCA concluded that the instructions given by the military judge "lacked some specificity," it ultimately held that "they included all the required elements and adequately instructed the members to find the necessary predicate facts beyond a reasonable doubt."  Id. at *21, 2013 WL 375777, at *7.

Before this court, Payne renews his argument that the military judge erred by omitting the elements of attempt when instructing on Specification 4.  The government concedes that "the military judge did not read the statutory elements of Article 80 [Attempts]" but argues that for this "unique charge of attempting to entice a minor to create child pornography, the military judge was permitted to, and appropriately did, tailor her instructions to cover . . . the required elements . . . ." The government further argues that "[t]he combination of an attempt offense, a federal crime, and the UCMJ article applying that federal crime to the military simply cannot be overlooked

when determining what instructions the military judge needed to provide the members."[2]

## Discussion

### Standard of Review and Preservation of Error

The question of whether the members were properly instructed is a question of law and thus review is de novo. United States v. Maynulet, 68 M.J. 374, 376 (C.A.A.F. 2010) (citations omitted). Where there is no objection to an instruction at trial, we review for plain error. United States v. Tunstall, 72 M.J. 191, 193 (C.A.A.F. 2013); see also R.C.M. 920(f). As Payne did offer a general objection to all of the military judge's proposed Charge I instructions, we must determine whether that objection adequately preserved the error he now raises on appeal.

We have had occasion to address the adequacy of evidentiary objections and have held that the law "does not require the moving party to present every argument in support of an objection, but does require argument sufficient to make the military judge aware of the specific ground for objection, 'if

---

[2] Contrary to both parties' positions, Specification 4 does not allege an offense under 18 U.S.C. § 2251(a) as incorporated by clause three of Article 134, UCMJ. See Manual for Courts-Martial, United States pt. IV, para. 60.c.(6)(b) (2012 ed.) (MCM) ("When alleging a clause 3 violation, each element of the federal or assimilated statute must be alleged expressly or by necessary implication. In addition, the federal or assimilated statute should be identified.").

the specific ground was not apparent from the context.'" United States v. Datz, 61 M.J. 37, 42 (C.A.A.F. 2005) (quoting Military Rule of Evidence (M.R.E.) 103(a)(1)). We have not, however, addressed the specificity required to preserve an error in the context of an objection to proposed instructions. R.C.M. 920 deals with "Instructions on Findings" and subsection (f) specifically addresses waiver of an objection under that section.[3] The Analysis to R.C.M. 920(f) notes that this subsection was based on the last two sentences of Fed. R. Crim. P. 30, "Jury Instructions." MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-70.[4] At the time R.C.M. 920(f) was adopted, the last two sentences of Fed. R. Crim. P. 30 provided:[5]

> No party may assign as error any portion of the charge or omission therefrom unless [that party] objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which [that party objects] and the grounds of [the] objection. Opportunity shall be given to make the objection out

---

[3] The text of R.C.M. 920(f) states that "Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error."

[4] The Analysis of the Rules for Courts-Martial notes that there were four basic goals for the 1984 revision to the MCM, the first of which "was to conform to federal practice to the extent possible, except where the Uniform Code of Military Justice requires otherwise or where specific military requirements render such conformity impracticable." MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-1; see also Article 36, UCMJ, 10 U.S.C. § 836 (2006).

[5] R.C.M. 920(f) was enacted with initial adoption of the Rules for Courts-Martial in 1984. At that time the version of Fed. R. Crim. P. 30 adopted in 1944 (as amended in 1966) was in effect.

> of the hearing of the jury and, on request of any
> party, out of the presence of the jury.

Fed. R. Crim. P. 30, 18 U.S.C. app. at 622 (1982) (emphasis added). Given the similarity of purpose between R.C.M. 920(f) and M.R.E. 103(a)(1), as well as the requirements of Fed. R. Crim. P. 30, we see no reason not to require the same level of specificity for objections to instructions as we do for evidentiary objections.

Payne's defense counsel objected to all of the military judge's instructions to Charge I on the grounds that "the government in its pleadings [did not] identif[y] the offenses to which [the military judge was] listing elements." However, defense counsel did not identify which specification or specifications he was referring to or which elements he felt the military judge should have instructed on because he did not want "to assist the government <u>or even the bench</u> in perfecting elements in charges against [Payne]." (Emphasis added.) In taking this position, it appears that defense counsel was trying to preserve any instructional error for appeal while simultaneously refusing to assist the military judge in correcting any alleged instructional error at the trial level.[6]

---

[6] "The purpose of [Fed. R. Crim. P.] 30 is to alert the district court to potential problems in jury instructions and thereby avert any error in the first place." <u>United States v. O'Neill</u>, 116 F.3d 245, 247 (7th Cir. 1997) (citation omitted).

Under these circumstances we believe that the issue is most appropriately treated as waived in absence of plain error.  See United States v. Zapata, 546 F.3d 1179, 1190 (10th Cir. 2008).[7] "Under a plain error analysis, the accused 'has the burden of demonstrating that:  (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.'"  Tunstall, 72 M.J. at 193-94 (quoting United States v. Girouard, 70 M.J. 5, 11 (C.A.A.F. 2011)).

Elements of Charge I, Specification 4

We next turn to the elements of the charged offense. Charge I alleged violations of Article 80 (Attempts) and Specification 4 specifically alleged that Payne:

> [Did] wrongfully and knowingly attempt to persuade, induce, entice, . . . or coerce "Marley," someone he believed was a female 14 years of age, who was, in fact, Lillian Vedder, an Ulster County New York Sheriff's Office undercover detective, to create child pornography by requesting that "Marley" send nude photos of herself to the said STAFF SERGEANT ROBERT M. PAYNE, which conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.

There are four elements of attempt:  (1) that the accused did a certain overt act; (2) that the act was done with the specific intent to commit a certain offense under the code; (3)

---

[7] "[W]e have held that a generalized objection to an instruction is insufficient to preserve a specific objection on appeal." Zapata, 546 F.3d at 1190; United States v. Bornfield, 184 F.3d 1144, 1146 n.2 (10th Cir. 1999).

that the act amounted to more than mere preparation; and (4) that the act apparently tended to effect the commission of the intended offense. MCM pt. IV, para. 4.b. Although this specification is not a model of clarity, we find that it alleged all of the elements of attempt and it provided Payne with notice that he was charged with an attempt to commit an Article 134, UCMJ, offense. The offense charged was the persuasion of a minor to create child pornography, which was alleged to be both prejudicial to good order and discipline and service discrediting.

## The Military Judge's Instructions

A military judge has a sua sponte duty to instruct on the elements of every offense. R.C.M. 920(e)(1); Article 51(c), UCMJ. Having held that the alleged instructional error was not preserved at trial and having identified the elements of Specification 4, we must now examine whether the military judge's instructions on those elements amounted to plain error.

While Payne argues that the military judge failed to instruct on any of the elements of attempt, we are satisfied that the instructions adequately covered the first two elements of attempt.[8] The third element of attempt requires "[t]hat the

---

[8] The first element of attempt is that "the accused did a certain overt act." MCM pt. IV, para. 4.b.(1). This element was covered by the military judge's instruction that the members must find that Payne "attempted to persuade . . . 'Marley,'

11

act amounted to more than mere preparation[.]" MCM pt. IV, para. 4.b.(3). We have interpreted this element as requiring that the accused take a "substantial step" toward commission of the crime. United States v. Jones, 37 M.J. 459, 461 (C.M.A. 1993) (citing Article 80, UCMJ, 10 U.S.C. § 880; United States v. Schoof, 37 M.J. 96, 102 (C.M.A. 1993)).

Despite the fact that the military judge did not instruct on the "substantial step" requirement, the government argues that the members were adequately informed of the third element when the military judge instructed that the members needed to find that "the accused's statements constituted a serious request that the offense be committed." The government argues that since the overt act in this attempt offense was the actual request transmitted to the recipient, the "serious request" referenced by the military judge constituted a "substantial step" and the members were therefore aware that they needed to find that "the act amounted to more than mere preparation."

---

someone he believed was a female 14 years of age, to commit the offense of creating child pornography, by requesting that she send nude photos of herself to the accused." The second element of attempt is that "the act was done with the specific intent to commit a certain offense under the code." MCM pt. IV, para. 4.b.(2). This element was covered by the military judge's instruction that Payne must have "intended that the person he thought was 'Marley' actually produce one or more visual depictions of her nude body to send him electronically or through the mail."

We do not agree that an instruction which requires a "serious request that the offense be committed" is the equivalent of an instruction that an accused must take a substantial step toward the commission of the substantive offense. The "serious request" instruction focused the finder of fact upon Payne's mental state at the time of the act in question. By contrast, a "substantial step" instruction would focus on the extent to which Payne actually acted in furtherance of his attempted crime. See United States v. Winckelmann, 70 M.J. 403, 407 (C.A.A.F. 2011) ("[T]he substantial step must unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances.") (second set of brackets in original) (question marks and citation omitted). The military judge's instructions did not include the third element of attempt -- an error which we find to be plain and obvious.

With respect to the fourth element of attempt, "[t]hat the act apparently tended to effect the commission of the intended offense," MCM pt. IV, para. 4.b.(4), the government merely argues that the evidence on the element presented at trial was legally sufficient to support that element. The government does not point to any portion of the military judge's instructions which would cover the fourth element of attempt, and indeed there are none. An element cannot be considered to be properly

instructed upon simply because legally sufficient evidence had previously been admitted at trial. We therefore hold that the military judge's failure to instruct on the fourth element of attempt also constituted plain and obvious error.

Prejudice

Having found plain and obvious error, Payne points us to our holding in United States v. Mance, 26 M.J. 244 (C.M.A. 1988), and argues that failure to instruct on an element of an offense is structural error which is per se prejudicial. In Mance, we held that "when a judge omits entirely any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all." 26 M.J. at 255. As the military judge failed to instruct on two elements of the charged offense, we agree that under the rationale of Mance, Payne would appear to be entitled to relief.

However, since we decided Mance in 1988, the Supreme Court addressed this issue in Neder v. United States, 527 U.S. 1, 8 (1999), and it held that the failure to instruct on an element does not constitute structural error.[9] Less than a month after Neder was decided, this court issued United States v. Glover, 50 M.J. 476, 478 (C.A.A.F. 1999), which, while holding that there

---

[9] In Neder, the Supreme Court reviewed under a "harmless error" standard as Neder had objected at trial. 527 U.S. at 15.

was no plain error in the context of the military judge's instructions, cited but did not rely on Mance.

Other than Glover, we have since applied Neder rather than Mance in examining instructional errors and have tested for prejudice. See United States v. Upham, 66 M.J. 83, 86-87 (C.A.A.F. 2008). We have not cited or relied upon Mance to find structural error resulting from the omission of an element from instructions since Neder was decided. To alleviate further confusion on this issue, today we overrule Mance to the extent it conflicts with the holding in Neder that omission of an instruction regarding an element may be tested for harmless error.

We conclude that the omission of instructions on the third and fourth elements of attempt did not materially prejudice Payne's substantial rights. Payne did not contest those elements at trial as he relied primarily upon the defense of entrapment. Furthermore, the evidence on those elements, which includes the logs of the explicit chats between Payne and "Marley," was overwhelming. We are therefore satisfied beyond a reasonable doubt that the omitted elements were both "uncontested and supported by overwhelming evidence, such that

the jury verdict would have been the same absent the error."

Neder, 527 U.S. at 17.[10]

Decision

The decision of the United States Air Force Court of Criminal Appeals is hereby affirmed.

---

[10] Payne's additional arguments, that the military judge failed to define "create" in "creation of child pornography" and that she improperly instructed the members that nude pictures constituted child pornography, have no merit and we need not address them in detail. "'Words generally known and in universal use do not need judicial definition.'" United States v. Nelson, 53 M.J. 319, 321 (C.A.A.F. 2000) (quoting United States v. Shepard, 1 C.M.A. 487, 492, 4 C.M.R. 79, 84 (1952)). The word "create" -- as used in a specification for an attempted general disorder under Article 134 -- is such a word. We are also satisfied that the military judge properly instructed the panel as to what constitutes child pornography. She defined that term and then provided proper definitions of "sexually explicit conduct" and "lascivious exhibition." The military judge concluded by instructing the members that "[u]nless you are satisfied beyond a reasonable doubt . . . that the accused specifically intended that 'Marley' produce visual depictions of a minor engaged in sexually explicit conduct, as I have defined that term for you, you may not convict the accused . . . ."