# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Johnson C. KNOX
### Ensign (O-1), U.S. Coast Guard

### CGCMG 0328
### Docket No. 1424

### 30 November 2016

General Court-Martial convened by Commander, Fourteenth Coast Guard District.  Tried at Honolulu, Hawaii, on 27 January 2015.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Angela A. Cook, USCG |
| Assistant Trial Counsel | LCDR Robert M. Pirone, USCG |
| Detailed Defense Counsel: | LCDR Shane E. Johnson, JAGC, USN |
| Civilian Defense Counsel: | Mr. Marlin M. Stewart, III, Esq. |
| Appellate Defense Counsel: | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |

### BEFORE
### McCLELLAND, HAVRANEK & SPOLIDORO
Appellate Military Judges

HAVRANEK, Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of attempting to violate a lawful general regulation and one specification of attempting to wrongfully manufacture 3,4-methylenedioxy-methamphetamine (MDMA), both in violation of Article 80, Uniform Code of Military Justice (UCMJ); one specification of unauthorized absence, in violation of Article 86, UCMJ; two specifications of violating a lawful general regulation and one specification of dereliction of duty, all in violation of Article 92, UCMJ; one specification of maltreatment by sexual harassment, in violation of Article 93, UCMJ; one specification of wrongful possession of MDMA with intent to distribute, one

specification of wrongful possession of lysergic acid diethylamide (LSD), one specification of wrongful distribution of MDMA, and one specification each of wrongful use of MDMA, psilocybin, LSD, and cocaine, all in violation of Article 112a, UCMJ; one specification of assault and battery, in violation of Article 128, UCMJ; and one specification of indecent language, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for thirty-six months and dismissal.  The Convening Authority approved the sentence, but suspended the dismissal and confinement in excess of ten months, in accordance with the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We are troubled by the specification alleging attempted manufacture of MDMA.  According to a stipulation of fact signed by Appellant:

> I decided to attempt to manufacture MDMA.  I researched how to make MDMA on the internet.  I found the company called "Mountain Home Biological," based out of the State of Washington, which sells laboratory equipment and biological supplies.  I purchased approximately $1,200 worth of laboratory equipment from this company online and had it mailed to my residence in Kailua, Hawaii (on the island of Oahu).  Approximately 7 large packages, addressed to me, arrived at my residence on or about 10 April 2013.  In these packages were various beakers, flasks, thermometers, distillation sets, etc.  Through my research, I had determined that these were the items I needed to attempt to manufacture MDMA and purchased these items for that reason.  I fully intended to use this equipment to manufacture MDMA.

(Prosecution Ex. 1 at 3-4.)

During the providence inquiry, Appellant explained, "Once I received the equipment, I realize[d] I was unable to obtain the necessary chemicals to manufacture the drug and so at that time I gave up."  (R. at 27.)

The elements of an attempt are:

(1)  That the accused did a certain overt act;
(2)  That the act was done with the specific intent to commit a certain offense under the code;

(3) That the act amounted to more than mere preparation; and
(4) That the act apparently tended to effect the commission of the intended offense.

Manual for Courts-Martial (MCM), United States (2012 ed.), Pt IV, para. 4b.

The third element requires that an accused take a "substantial step" toward committing the underlying crime. *United States v. Payne*, 73 M.J. 19, 24 (C.A.A.F. 2014). Although the act "need not be the last act essential to the consummation of the offense," MCM pt. IV, para. 4.c.(2), the act must be "strongly corroborative of the firmness of the defendant's criminal intent." *United States v. Byrd*, 24 M.J. 286, 290 (C.M.A. 1987) (quoting *United States v. Jackson,* 560 F.2d 112, 116 (2d Cir. 1977)). An act fails to satisfy the substantial-step test if it amounts to no more than "mere preparation." MCM, Pt IV, para. 4.c.(2).

"[T]he distinction between preparation and attempt has proven difficult for courts and scholars alike." *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003). As a result, "it is [often] not clearcut on which side of the preparation/substantive-step line a given case may fall." *United States v. Schoof*, 37 M.J. 96, 103 (C.M.A. 1993). Despite this ambiguity, military case law provides helpful guidance in distinguishing between mere preparation and an actual attempt. The Court of Appeals for the Armed Forces defined the terms "preparation" and "attempt" by explaining that preparation "consists [of] devising or arranging the means or measures necessary for the commission of the offense," while attempt requires "direct movement toward the commission *after* the preparations are made." *Id.* (emphasis added, internal citations omitted). The court recently elaborated on this idea, noting that an act qualifies as a substantial step only if it "unequivocally demonstrate[s] that the crime will take place unless interrupted by independent circumstances." *United States v. Winckelmann*, 70 M.J. 403, 407 (C.A.A.F. 2011) (internal citations omitted); *accord United States v. Lee*, 61 M.J. 627, 629 (C.G. Ct. Crim. App. 2005).

The Manual for Courts-Martial provides a helpful application of these definitions relevant to this case, offering as an example the crime of attempted arson. The manual explains that "a purchase of matches with the intent to burn a haystack is not an attempt to commit arson," but rather mere preparation. MCM, Pt IV, para. 4.c.(2). In contrast, the manual notes that "applying a burning match to a haystack" constitutes a sufficient act, "even if no fire results." *Id.*

In *United States v. Byrd,* the Court of Military Appeals determined that the Army Court of Military Review erred when it held that certain factual stipulations supported a defendant's conviction for attempted distribution of marijuana. 24 M.J. at 290 . The defendant in *Byrd* stipulated that he had taken money from several soldiers and promised to return with illegal drugs. *Id.* at 287. He then departed from his post in a taxi and went to a liquor store that sold marijuana. *Id.* Ultimately, the defendant did not purchase drugs. *Id.* He instead used the money to buy liquor, because he feared apprehension if he brought drugs back to his post. *Id.* Although the Army Court of Military Review concluded that the defendant's actions were sufficient to satisfy the substantial-step requirement, the Court of Military Appeals disagreed. The court determined that the defendant's conduct fell short because his actions were "too ambiguous" and because "too many other steps remained before the distribution could be consummated." *Id.* at 290.

Other cases apply similar logic. In *United States v. Presto*, the Court of Military Appeals held that a defendant did not commit a substantial step toward the sale of marijuana simply because he called a potential source to determine the availability of the drug. 24 M.J. 350, 352 (C.M.A. 1987). The court reasoned that this act was mere preparation because the defendant never actually located drugs and that, even if a supply of the desired drugs had been located, the defendant still "would have had to negotiate a price for his own purchase and thereafter . . . go to the source and pick up the drug." *Id.* Conversely, drug cases in which military courts identify a substantial step involve more concrete action to sustain an attempt conviction. In *United States v. Jones*, for example, the court agreed that a defendant committed more than mere preparation to distribute cocaine where she actually procured the drug she intended to sell. 37 M.J. 459, 461 (C.M.A. 1993). Similarly, in *United States v. Lee*, this Court upheld a conviction for attempting to produce a controlled substance where the defendant purchased a "magic mushroom" growing kit, followed its instructions, and planted the spores. *See Lee*, 61 M.J. at. 629.

In this case, we view Appellant's purchase of equipment as mere preparation that is not a direct movement toward the commission of the offense. Such action does not constitute a "direct movement" toward the commission of the crime, but rather preparation in the form of "arranging the means . . . necessary for commission of the offense." *Schoof*, 37 M.J. at 103. Like the act of

purchasing matches and the conduct of the defendants in *Byrd* and *Presto*, Appellant's actions here leave "too many other steps" before the commission of the actual offense. *Byrd*, 24 M.J. at 290. We will set aside the finding of guilty of the attempted manufacture offense. We are certain that without this offense, the sentence would not have been less than the approved sentence as partially suspended.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of Specification 2 of Charge I is set aside and the specification is dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge MᴄCLELLAND and Judge SPOLIDORO concur.



For the Court,

Sarah P. Valdes
Clerk of the Court