*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Joshua C. DAVIS, Private
United States Army, Appellant

### No. 16-0306
Crim. App. No. 20130996

Argued January 10, 2017—Decided May 9, 2017

Military Judges: Reynold P. Masterton and David H. Robertson

For Appellant: *Captain Scott A. Martin* (argued); *Lieutenant Colonel Charles D. Lozano* and *Captain Heather L. Tregle* (on brief); *Lieutenant Colonel Jonathan F. Potter*, *Major Andres Vazquez Jr.*, *Captain Payum Doroodian*, and *Captain Joshua B. Fix*.

For Appellee: *Captain Tara E. O'Brien* (argued); *Colonel Mark H. Sydenham*, *Major Lionel Martin*, and *Major Steven J. Collins* (on brief); *Major Michael E. Korte*.

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, OHLSON, and SPARKS, joined.

————————

Judge RYAN delivered the opinion of the Court.

To the extent that *United States v. Taylor*, 26 M.J. 127 (C.M.A. 1988), holds that an accused's right to a required instruction on findings is not *waived* (that is, extinguished on appeal) by a failure to object without more, it remains good law. *See, e.g.*, *United States v. Stanley*, 71 M.J. 60, 62–64 (C.A.A.F. 2012) (holding that the accused's failure to object to the military judge's failure to give an affirmative defense instruction did not constitute waiver, but that the instruction was not required in that case); *cf. United States v. Gutierrez*, 64 M.J. 374, 375 (C.A.A.F. 2007) (holding that the accused, by making an affirmative statement, waived a required mistake-of-fact instruction). But to the extent that *Taylor* can be read to suggest that plain error review is never appropriate in the context of a required instruction where there was no objection, it is contrary to the great weight of

authority, and is overruled. *See, e.g.*, *Johnson v. United States*, 520 U.S. 461, 468–69 (1997) (reviewing instructional error for "plain error" where no objection was made at trial); *United States v. Payne*, 73 M.J. 19, 22–23 (C.A.A.F. 2014) (reviewing failure to give a required instruction on an element of an offense for plain error); *United States v. Tunstall*, 72 M.J. 191, 193–94 (C.A.A.F. 2013) (reviewing failure to give a required instruction on a lesser included offense for plain error); *United States v. Eckhoff*, 27 M.J. 142, 143–44 (C.M.A. 1988) (reviewing failure to give a required instruction on an affirmative defense for plain error).

Because Appellant failed to object to the omission of a required instruction on a special defense, we review the military judge's instructions for plain error. We agree with the ACCA that the evidence did not raise an honest and reasonable mistake of fact as to consent and affirm.

## I. PROCEDURAL HISTORY

A panel of officers and enlisted members sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). The panel acquitted Appellant of two specifications of rape, one specification of sexual assault, and one specification of communicating a threat. The panel sentenced Appellant to a bad-conduct discharge, six months confinement, and reduction to the grade of E-1. The convening authority approved the sentence with one day of confinement credit.

The United States Army Court of Criminal Appeals (ACCA) affirmed the findings of guilty and sentence. *United States v. Davis*, 75 M.J. 537, 546 (A. Ct. Crim. App. 2015).

We granted Appellant's petition to review the following issue:

> Whether the Army Court of Criminal Appeals erred in refusing to apply de novo review for failure to instruct on an affirmative defense raised by the evidence, and instead found forfeiture and applied a plain error analysis, contrary to this Court's precedent in *United States v. Taylor*, 26 M.J. 127 (C.M.A. 1988); *United States v. Davis*, 53 M.J. 202 (C.A.A.F. 2000); and *United States v. Stanley*, 71 M.J. 60 (C.A.A.F. 2012).

## II. FACTS

We adopt the facts as set forth in the ACCA's opinion:

> Upon entering her barracks room with appellant, PFC BJH left the door to the room open and went into the bathroom to change out of her physical training gear and into her duty uniform. As she was pulling up her fatigue pants, she looked up and saw that the room door had been closed and appellant was walking towards her. Appellant stated, "You don't need to put those pants on," picked up PFC BJH, and then dropped her onto her bed. While pinning her arms, appellant retrieved a dildo from BJH's nightstand and forcibly inserted it into her vagina. Appellant kept inserting the dildo into PFC BJH's vagina while she told him to stop. At some point, she began to cry. Private First Class BJH further testified that once she started to cry, appellant stopped assaulting her with the dildo, got up, and threatened to rape her with an empty wine bottle if she did not "do him." The encounter eventually ended when PFC BJH was able to text her girlfriend, Specialist (SPC) BH, for help and appellant left the room.
>
> Upon receiving PFC BJH's text, SPC BH went to PFC BJH's barracks room. When SPC BH arrived at PFC BJH's barracks room and heard what had happened, SPC BH decided to confront appellant. Specialist BH called appellant and found out he was in his barracks room in the same building. Both women went to his room.
>
> . . . .
>
> Private First Class BJH testified to the encounter as follows:
>
> [S]o we both went and knocked on [appellant's] door. And I was standing off to the side when [SPC BH] was in the middle of the doorway, she was yelling at [appellant] like, "What the fuck did you do?" And that's whenever [appellant] said, "I didn't do anything." And then whenever I came over to where he could see me that's when I—don't remember exactly what I said, but I was basically was like, "How are you going to lie? It just happened?" And that's whenever [appellant] said, "I thought she was joking until I saw her crying."
>
> On direct examination by the government, SPC BH testified to the same encounter at appellant's doorway as follows:
>
> Q: When you heard [about the assault], what did you do?

> A: I instantly pulled my phone out, called him, and I asked [appellant] where he was. And he said that he was down-stairs in his room and I didn't even get off the phone, I was already down the stairs in his room, opened the door, and I then confronted him about it.
>
> Q: Was [PFC BJH] with you?
>
> A: Yes, sir.
>
> Q: Tell me how the confrontation happened.
>
> A: I opened the door and I blatantly said, "What the fuck did you do to her?" And he was like, "I don't know what you are talking about." And I was like, "Bullshit. She is crying. She is telling me that something happened." And he was like, "Oh, I thought it was a joke. I didn't think she was be-ing serious. And I didn't realize it until she started cry-ing."
>
> . . . .
>
> In defense, appellant offered testimony that PFC BJH was not a truthful person . . . .

*Davis*, 75 M.J. at 539–40 (alterations in original).

At trial the military judge instructed the panel on the el-ements of rape. Appellant did not request a mistake-of-fact instruction or object to the final form of the instructions, and the military judge did not instruct on mistake of fact. *See id.* The panel found Appellant guilty of rape.

### III. ACCA DECISION

On appeal, Appellant claimed that his statement, "I thought she was joking until I saw her crying," reasonably raised the issue of mistake of fact as to consent. *Davis*, 75 M.J. at 540. Appellant argued that the military judge there-fore erred by failing to instruct on a mistake-of-fact defense. *Id.*

To determine the standard of review, the ACCA began with the text of Rule for Courts-Martial (R.C.M.) 920(f), which provides that "[f]ailure to object to an instruction or to an omission of an instruction before the members close to deliberate constitutes waiver[1] of the objection in the absence

---

[1] R.C.M. 920(f) uses the word "waiver," but it is clearly refer-ring to "forfeiture." *See, e.g., Payne*, 73 M.J. at 22–23. Forfeiture is the passive abandonment of a right by neglecting to preserve an

of plain error." R.C.M. 920(f) (footnote added). The ACCA recognized that the rule, while using the term "waiver," actually referred to forfeiture, and then went on to hold that our Court in *Taylor* "rejected the language in R.C.M. 920(f)" and instead required de novo review of required instructions, regardless of whether there is an objection. *See Davis*, 75 M.J. at 541–42. In grappling with this perceived conflict between *Taylor* and R.C.M. 920(f), the ACCA surveyed our precedent and held that "the overwhelming precedent adopts the forfeiture provisions in R.C.M. 920(f), with only occasional precedent to the contrary." *Id.* (citing as contrary precedent *Stanley*, 71 M.J. at 63; *United States v. Davis*, 53 M.J. 202, 205 (C.A.A.F. 2000); and *Taylor*, 26 M.J. at 128). Accordingly, the ACCA concluded that *Taylor* had been implicitly overruled, and that Appellant forfeited review of any error in the instructions by failing to object. *See id.* at 541–44.[2]

Having found that Appellant forfeited the issue, the ACCA reviewed the military judge's instructions and considered first whether the evidence raised an "honest and reasonable" mistake of fact about consent. *Id.* at 544–45. The

---

objection, whereas waiver is the affirmative, " 'intentional relinquishment or abandonment of a known right.' " *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Forfeiture results in plain error review, but waiver " 'leaves no error for us to correct on appeal.' " *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting *United States v. Pappas,* 409 F.3d 828, 830 (7th Cir. 2005)).

[2] We note that it is simply not for the ACCA to act on the assumption that an opinion of this Court has been implicitly overruled. Overruling by implication is disfavored, and the service courts of criminal appeals must adhere to this Court's precedent even when they believe that subsequent decisions call earlier decisions into question. *See United States v. Pack*, 65 M.J. 381, 383–84 (C.A.A.F. 2007) (citing *Eberhart v. United States*, 546 U.S. 12, 19–20 (2005)). If the ACCA was convinced "that the underlying logic of [*Taylor*] had changed in the meantime, its recourse was to express that viewpoint and to urge our reconsideration of our precedent. Beyond that, however, the court was bound either to follow [*Taylor*] or to distinguish it." *United States v. Allbery*, 44 M.J. 226, 228 (C.A.A.F. 1996) (citation omitted). It is this Court's prerogative to overrule its own decisions. *See Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989).

ACCA concluded that even if Appellant's statement, "I thought she was joking until I saw her crying," was "some evidence" that Appellant honestly believed that BJH consented, "there was no evidence that such a belief was reasonable." *Id.* at 545. Therefore, because the evidence did not raise an honest and reasonable mistake of fact as to consent, the ACCA held that the military judge's instruction omitting that defense was not plainly erroneous. *Id.*

## IV. DISCUSSION

### A. Standard of Review

According to the ACCA, "[t]he law governing the standard of review in this case can be difficult to determine with precision." *Id.* at 541. We disagree.

R.C.M. 920(e) lists *"Required instructions"* on findings, meaning instructions that "shall" be given.[3] This list of required instructions includes the elements of the offense, elements of each lesser included offense, and, at issue here, "any special[4] defense under R.C.M. 916 in issue." R.C.M. 920(e)(1)–(3) (footnote added). Relatedly, Article 51(c), UCMJ, requires that members be instructed, inter alia, "as to the elements of the offense." 10 U.S.C. § 851(c) (2012). This statutory duty extends to affirmative defenses as well.[5] *United States v. Ginn*, 4 C.M.R. 45, 48 (C.M.A. 1952) (concluding that the court-martial would be "insufficiently in-

---

[3] While R.C.M. 920(e)(7) includes among required instructions "[s]uch other explanations, descriptions or directions as may be necessary and which are properly requested by a party or which the military judge determines, *sua sponte*, should be given," this "*sua sponte*" language is not the source of the military judge's duty to give the other instructions listed in R.C.M. 920(e)(1)–(6). Rather, the military judge is required to give all of the instructions listed in R.C.M. 920(e)(1)–(7) because the rule says that they "shall" be given.

[4] "Special defenses are also called 'affirmative defenses.'" R.C.M. 916 Discussion.

[5] We reject the Government's invitation to jettison this Court's determination that the statutory requirement to instruct on elements of the offense necessarily encompasses, as a matter of logic, the requirement to instruct on affirmative defenses.

formed" about the law "without legal explanation of these defenses, where properly raised").

Mistake of fact is a "special defense" under R.C.M. 916(j). Where a special defense is reasonably raised by the evidence, an instruction on that defense is required. *Taylor*, 26 M.J. at 128–29; *Ginn*, 4 C.M.R. at 48–49. "The test for determining whether an affirmative defense of mistake of fact has been raised is whether the record contains some evidence of an honest and reasonable mistake to which the members could have attached credit if they had so desired." *United States v. Hibbard*, 58 M.J. 71, 75 (C.A.A.F. 2003) (citing R.C.M. 916(j)); *see United States v. Schumacher*, 70 M.J. 387, 390 (C.A.A.F. 2011) ("This test is similar to that for legal sufficiency.").

Whether a "[r]*equired instruction*[]" on findings contained within R.C.M. 920(e) is reasonably raised by the evidence is a question of law that we review de novo. *See United States v. MacDonald*, 73 M.J. 426, 434 (C.A.A.F. 2014); *Stanley*, 71 M.J. at 62. If the military judge omits a required instruction that is reasonably raised by the evidence, the accused may preserve the instructional error either by making an adequate objection or by requesting an instruction in a way that sufficiently signals to the military judge the existence of an error in need of correction. *See United States v. Killion*, 75 M.J. 209, 214 (C.A.A.F. 2016). Where required instructional error is preserved, we test for harmlessness. *See, e.g.*, Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012); *Killion*, 75 M.J. at 214; *see also Neder v. United States*, 527 U.S. 1, 9 (1999) (holding that an objected-to jury instruction omitting an element of the offense is constitutional error tested for harmlessness beyond a reasonable doubt). However, if the accused fails to preserve the instructional error by an adequate objection or request, we test for plain error. *See, e.g.*, R.C.M. 920(f); *Johnson*, 520 U.S. at 468–69 (reviewing instructional error for "plain error" where no objection was made at trial); *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011); *see also Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013) (reaffirming the principle that any right may be forfeited by failing to timely assert it); *cf. Unit-*

*ed States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011) (constitutional rights can be forfeited).[6]

Because Appellant did not object to the instructions given or request a mistake-of-fact instruction, we review this case for plain error. *See* R.C.M. 920(f). The threshold question, of course, is whether that defense was reasonably raised by the evidence—in other words, was there error at all—a question of law that we review de novo. *See MacDonald*, 73 M.J. at 434; *Stanley*, 71 M.J. at 62. But Appellant claims that, despite his silence, he did not forfeit the issue. He relies on the ACCA's determination that, under *Taylor*, instructions on affirmative defenses, pursuant to R.C.M. 920(e)(3), "are mandatory, reviewed *de novo, and with no provision for forfeiture.*" *Davis*, 75 M.J. at 542 (second emphasis added). But *Taylor* did not hold that required instructions under R.C.M. 920(e)(3) could not be forfeited under R.C.M. 920(f). Rather, *Taylor* held that silence with respect to such required instructions would not be deemed *waiver* under R.C.M. 920(f). *See Taylor*, 26 M.J. at 129 ("[A]n accused's right to an instruction on affirmative defenses [is not] *waived* by the absence of a request." (emphasis added)). We agree that waiver in the context of required instructions is accomplished by an affirmative action, not a mere failure to object. *See Barnes*, 39 M.J. at 233. Subsequent cases have reaffirmed that R.C.M. 920(f) is a forfeiture provision, not a waiver provision. *See Payne*, 73 M.J. at 22–23 (holding that when R.C.M. 920(f) uses the word "waiver," it is actually referring to "forfeiture").

We recognize that, on occasion, this Court has cited *Taylor* for the proposition that an appellant cannot forfeit an affirmative defense instruction. *See e.g.*, *United States v. McDonald*, 57 M.J. 18, 20–22 (C.A.A.F. 2002); *Davis*, 53 M.J. at 204–06; *Barnes*, 39 M.J. at 232; *see also United States v. Davis*, 73 M.J. 268, 271 n.4, 272 (C.A.A.F. 2014); *United*

---

[6] Moreover, the accused may choose to affirmatively waive certain required instructions, *United States v. Barnes*, 39 M.J. 230, 233 (C.M.A. 1994), extinguishing the claim of error and leaving nothing for us to correct on appeal. *See Campos*, 67 M.J. at 332; *see also United States v. Ahern*, __ M.J. __ (7–8) (C.A.A.F. 2017) (holding that a "no objection" statement amounts to affirmative waiver).

*States v. Lewis*, 65 M.J. 85, 87 (C.A.A.F. 2007); *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). But the language of R.C.M. 920(f), a precise reading of *Taylor*, and the great weight of our precedent clearly call for plain error review when an appellant fails to request an affirmative defense instruction—indeed, fails to request any "required" instruction under R.C.M. 920(e). There is no principled basis for ignoring R.C.M. 920(f) only in the case of affirmative defense instructions, thereby treating those instructions differently from—or as more important than—elements, lesser included offenses, and other "required" instructions. To the extent *Taylor* can be read for a contrary rule, it is overruled. *Cf. Payne v. Tennessee*, 501 U.S. 808, 828 (1991) (holding that "[c]onsiderations in favor of *stare decisis*" are at their lowest point "in cases . . . involving procedural and evidentiary rules" (citations omitted)).

Because Appellant did not request, or object to the absence of, a mistake-of-fact instruction, Appellant forfeited any error under R.C.M. 920(f), and we review for plain error.

## B. Plain Error

"Under a plain error analysis, the accused has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *Payne*, 73 M.J. at 23 (internal quotation marks omitted). Appellant cannot show any instructional error here, much less error that is plain or obvious.

Appellant contends on appeal that his statement to BH, "I thought she was joking until I saw her crying," is " 'some evidence of an honest and reasonable mistake' " about consent. *Davis*, 75 M.J. at 540 (quoting *Hibbard,* 58 M.J. at 75). But while Appellant's statement may constitute a scintilla of evidence about his "honest belief," the ACCA correctly concluded that there is not an iota of evidence that such a belief was reasonable. *Id.* at 545. Appellant overwhelmed BJH with physical force, pinned her down, and penetrated her while she repeatedly told him to stop. We agree with the ACCA that even if there was "some evidence" that Appellant honestly believed that BJH consented, "there was no evidence that such a belief was reasonable." *Id.* Even if Appellant honestly believed that BJH's resistance to his assault

was a "joke," such a mistaken belief was patently unreasonable, making the defense unavailable to Appellant. The military judge did not err, let alone plainly err, by omitting mistake of fact as to consent from his instructions.

## V. JUDGMENT

We hold that Appellant forfeited any error in the panel instructions by failing to object or request a mistake-of-fact instruction. Furthermore, we agree with the ACCA that the evidence is legally insufficient to raise an honest and reasonable mistake-of-fact defense. Therefore, we hold that the military judge did not err at all, let alone commit plain error. The decision of the United States Army Court of Criminal Appeals is affirmed.