*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and BURGTORF
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Terrance L. BRUNSON Jr.**
Staff Sergeant (E-6) U.S. Marine Corps
*Appellant*

**No. 202300188**

————————————

Decided: 30 April 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Benjamin C. Robertson (pretrial)
Adam M. King (arraignment, pretrial, trial)

Sentence adjudged 7 March 2023 by a general court-martial tried at Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 366 days, and a bad-conduct discharge.[1]

---

[1] Appellant was credited with 31 days of pretrial confinement credit.

For Appellant:
*Lieutenant Jesse B. Neumann, JAGC, USN*

For Appellee:
*Lieutenant Gregory A. Rustico, JAGC, USN*
*Major Mary Claire Finnen, USMC*

─────────────────────

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2(b).**

─────────────────────

PER CURIAM:

Appellant was convicted, consistent with his pleas, of one specification of assault by strangulation and one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ).[2]

Appellant invites us to extend our holding in *United States v. Wadaa*, and require the Entry of Judgment's (EOJ) summary of offenses to include: (1) the identity of the named victim; (2) the location of the offense; (3) the "appropriate subsection" of Article 128; and (4) that the withdrawn and dismissed specifications will ripen into prejudice upon completion of our review.[3] We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant was charged with six specifications of violating Article 128. Pursuant to a plea agreement, he pleaded guilty to two specifications. The convening authority agreed to withdraw and dismiss the remaining specifications.

The convening authority took no action on the findings and the military judge entered the Judgment into the Record. The EOJ summarized the specifications as:

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

─────────────

[2] 10 U.S.C. § 928.

[3] *United States v. Wadaa*, 84 M.J. 652, 654 (N-M. Ct. Crim. App. 2024).

Charge: Violation of Article 128 [UCMJ]
    Plea: Guilty
    Findings: Guilty

    Specification 1: Battery Upon a Spouse on or about 25 May 2019.
    Plea: Not Guilty
    Findings: Withdrawn and Dismissed

    Specification 2: Strangulation on or about 18 July 2020.
    Plea: Not Guilty
    Findings: Withdrawn and Dismissed

    Specification 3: Strangulation on or about 28 February 2021.
    Plea: Guilty
    Findings: Guilty

    Specification 4: Assault Consummated by a Battery on or about 18 July 2020.
    Plea: Not Guilty
    Findings: Withdrawn and Dismissed

    Specification 5: Assault consummated by a Battery on or about 28 February 2021.
    Plea: Not Guilty
    Findings: Withdrawn and Dismissed

Additional Charge: Violation of Article 128 [UCMJ]
    Plea: Guilty
    Findings: Guilty

    Specification: Assault Consummated by a Battery on or about 28 February 2021.
    Plea: Guilty
    Finding: Guilty[4]

After the case had been docketed, Appellant moved this Court to set aside the EOJ because the summary of offenses did not include: the victim's name, the location of the offense, the "appropriate subsection" of Article 128, or that the dismissed specifications would ripen into prejudice upon completion of our review. The Government conceded that the EOJ did not comply with Rule for Courts-Martial (R.C.M.) 1111(b). On 28 November 2023, we set aside the EOJ

---

[4] EOJ (30 March 2023).

and remanded the case to the Judge Advocate General for correction. It was re-docketed April 2024, without any changes to the EOJ.[5]

This Court decided *Wadaa* in April 2024, which addressed the requirements for a legally sufficient EOJ.

## II. DISCUSSION

We review de novo whether a record of trial is accurate and complete.[6] An appellant is entitled to a record of trial that is accurate and complete.[7]

Article 60c, UCMJ, requires the military judge to enter "into the record of trial the judgment of the court."[8] This entry is known as the EOJ, and it terminates the court-martial at the trial level.[9] Article 60c requires the EOJ to include the results at trial, but otherwise empowers the President to prescribe additional requirements.[10] The President established Rule for Courts-Martial (R.C.M.) 1111(b), which states that the EOJ must include "a summary of each charge and specification," and "the findings or other disposition of each charge and specification accounting for any modifications made by reason of any post-trial action by the convening authority or any post-trial ruling, order, or other determination by the military judge."[11]

In *Wadaa*, we held that "a summary of each charge and specification" must include: (1) the Article of the UCMJ for each charge; (2) any subsection, if applicable, for each specification; (3) the nature of the offense, and (4) the date of the offense.[12] We noted that neither Article 60c nor R.C.M. 1111(b) requires a "verbatim recitation of each specification."[13] We held that this information

---

[5] EOJ (30 June 2023).

[6] 84 M.J. at 654 (citation omitted).

[7] *United States v. Crumpley*, 49 M.J. 538 (N-M. Ct. Crim. App. 1998).

[8] 10 U.S.C. § 860c.

[9] R.C.M. 1111(a)(2).

[10] 10 U.S.C. § 860c.

[11] R.C.M. 1111(b).

[12] 84 M.J. at 655 (finding that for violation or failure to obey a lawful general order, the nature of the offense must identify the lawful general order and the specific paragraph of the order violated).

[13] *Id.*

"meet[s] the minimum requirements and identif[ies] with specificity the disposition of each of the charges and specifications referred to trial."[14]

Appellant asks us to extend the requirements of *Wadaa* to include identifying the victim and location of the offense.[15] Appellant additionally argues that his EOJ does not contain the "appropriate subsection," consistent with *Wadaa*, and that his disposition should include that the dismissed specifications would ripen into prejudice.[16] This information may be included, but is not required.[17]

Including the identity of the victim and location of the offense would essentially require a recitation of each specification, which we rejected in *Wadaa*.

As to the "appropriate subsection" for Article 128, Appellant argues that the EOJ should include "assault," or "aggravated assault," respectively.[18] Examining the statute provides context for the "appropriate subsection." Article 128 reads:

> (a) ASSAULT. – Any person subject to this chapter who, unlawfully and with force or violence –
>
>> (1) attempts to do bodily harm to another person;
>>
>> (2) offers to do bodily harm to another person; or
>>
>> (3) *does bodily harm to another person*;
>
> is guilty of assault and shall be punished as a court-martial may direct.
>
> (b) AGGRAVATED ASSAULT – Any person subject to this chapter
>
>> (1) who, with the intent to do bodily harm, offers to do bodily harm with a dangerous weapon;
>>
>> (2) who, in committing an assault inflicts substantial bodily harm or grievous bodily harm on another person; or

---

[14] *Id.*

[15] Appellant's Br. at 3–5.

[16] Appellant's Br. at 3–5.

[17] *See United States v. Brown*, No. 202300221, 2025 CCA LEXIS 62, at *5 (N-M. Ct. Crim. App. Feb. 19, 2025) (unpublished) (holding that identifying the victim and the location of the offense "is not required."); *see also United States v. Regueira*, No. 202400048, 2025 CCA LEXIS 128, at *1–2 (N-M. Ct. Crim. App. Mar. 26, 2025).

[18] Appellant's Br. at 5.

(3) *who commits an assault by strangulation* or suffocation . . . .[19]

The initial, lettered subsections for Article 128 are indeed (a) assault, and (b) aggravated assault. The EOJ's inclusion of "strangulation," however, refers to the numerical subsection of the appropriate lettered subsection—specifically: (b)(3). By including "assault consummated by a battery," the EOJ similarly refers to the numerical subsection of the appropriate lettered subsection—specifically: (a)(3). This satisfies *Wadaa*, in that the language in each specification of the EOJ provides reference to the relevant Article 128 subsections: (b)(3) and (a)(3).

Finally, as to the "disposition," we have previously used "dismissed" to reflect the disposition of charges and specifications.[20] We have also used "dismissed without prejudice to ripen into prejudice upon completion of appellate review."[21] Rule for Courts-Martial 1111(b) only requires "findings or disposition." This rule then provides additional language about "accounting for any modification," referring to post-trial actions by the convening authority or military judge.[22] Neither the military judge nor the convening authority took any modifying, post-trial actions regarding Appellant's dismissed specifications. We decline to hold that "findings or disposition" in R.C.M. 1111(b) mandates greater specificity than "Withdrawn and Dismissed."

---

[19] 10 U.S.C. § 928 (emphasis added).

[20] *United States v. Petraitis*, No. 202100045, 2021 CCA LEXIS 618, at *2–5 (N-M. Ct. Crim. App. Nov. 18, 2021) (unpublished).

[21] *United States v. Lambert*, No. 202200215, 2023 CCA LEXIS 36 (N-M. Ct. Crim. App. Jan. 25, 2023) (unpublished).

[22] R.C.M. 1111(b).

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[23]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[23] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866. We note that although not raised on appeal, the military judge improperly permitted the victim to provide an unsworn statement under R.C.M. 1001(c) in which she detailed alleged historical abuse for which Appellant was not convicted. This ruling was erroneous. *See United States v. Campos*, __ M.J. __, 2025 CAAF LEXIS 141, at *10 (C.A.A.F. Feb. 19, 2025). Considering the nature of Appellant's criminal conduct and because Appellant's plea agreement provided the military judge no discretion in adjudging a sentence, we find that the military judge's error, under plain error analysis, did not materially prejudice his substantial rights. *United States v. Davis*, 76 M.J. 224 (1988).