# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Jeffry A. FELICIANO Jr., Private
United States Army, Appellant

**No. 17-0035**
Crim. App. No. 20140766

Argued February 28, 2017—Decided May 17, 2017

Military Judges: Andrew J. Glass and Samuel A. Schubert

For Appellant: *Captain Michael A. Gold* (argued); *Lieutenant Colonel Melissa R. Covolesky* and *Captain Katherine L. DePaul* (on brief); *Major Andres Vazquez Jr.* and *Captain Scott A. Martin.*

For Appellee: *Major Anne C. Hsieh* (argued); *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III,* and *Captain Cassandra M. Resposo* (on brief).

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges RYAN, OHLSON, and SPARKS, joined.

———————

Judge STUCKY delivered the opinion of the Court.

Challenging his twin convictions for attempted sexual assault, Appellant alleges two instructional errors. First, he argues that the military judge inappropriately failed to instruct panel members on the voluntary abandonment defense. Second, Appellant contends that the military judge misstated the parameters of the mistake of fact as to consent defense in his instructions to members. We conclude that the military judge did not err by not instructing members on voluntary abandonment, since there was no evidence supporting this affirmative defense. As for the mistake of fact instruction, consent was not raised at any point in the record, and therefore any possible error in the military judge's instructions on this defense is harmless. Accordingly, we af-

firm the judgment of the United States Army Court of Criminal Appeals.

## I. Background

On the night in question, Appellant, Specialist (SPC) RS, and Private (PV2) KF (the alleged victim) went out drinking. When they were done, SPC RS drove all three back to the barracks. On the way, they were pulled over by a police officer who administered a breathalyzer test to SPC RS, which he barely passed. Upon determining that SPC RS was the most sober of the three, the officer released the group. They then completed their drive back to the barracks.

Upon returning, Appellant and PV2 KF continued drinking. Eventually, the trio climbed into Appellant's bed to sleep. Later in the evening, SPC RS left the bed to sleep in a chair nearby. He testified that PV2 KF "was pretty groggy and passed out at the time." At some point afterward, SPC RS woke up and saw Appellant "on top of [PV2 KF], kissing on her neck, and starting to pull his britches down." PV2 KF's pants were "[a]bout around her knees," whereas she had been fully clothed when SPC RS had gotten out of the bed. In addition, SPC RS heard PV2 KF saying, "No. No, no, no." SPC RS then intervened, getting Appellant's attention and telling him:

> that ain't right. I told [Appellant] that what he was doing was rape …. [T]hat if he continued along that they would definitely get him for rape, and that will be 25 to life and that people would probably also rape him in jail.

Appellant responded by saying, "You know what? You're right." Appellant then "got up off of [PV2 KF]" and walked with SPC RS "into the common area and continued [their] conversation."

In relevant part, Appellant was charged with two specifications of attempted aggravated sexual assault under Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2012). In an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), hearing prior to the issuance of panel instructions, the military judge informed counsel of the instructions he intended to give. They included no mention of the defense of voluntary abandonment. The military judge did list "consent

as to mistake of fact," but offered no further detail. When asked by the military judge if he had "any additional requests," defense counsel replied, "No, [y]our honor." When the military judge addressed the panel members, he stated that "[m]istake of fact as to consent is a defense to th[e] charged [attempted aggravated sexual assault] offense[s]," and outlined it in the following manner:

> "Mistake of fact as to consent" means the accused held, as a result of ignorance or mistake, an incorrect belief that the other person engaging in the conduct consented. The ignorance or mistake must have existed in the mind of the accused, and must have been reasonable under all the circumstances. To be reasonable the ignorance or mistake must have been based on information, or lack of it, that would indicate to a reasonable person that the other person consented. Additionally, the ignorance or mistake cannot be based on the negligent failure to discover the true facts.

The military judge gave no instruction on the defense of voluntary abandonment. Neither counsel objected to the instructions given.

Appellant was convicted, contrary to his pleas, of the two attempted sexual assault specifications. He was also convicted, in accordance with his pleas, of one specification each of being disrespectful to a noncommissioned officer (NCO), disobeying a NCO, and disorderly conduct under Articles 91 and 134, UCMJ, 10 U.S.C. § 891, 934 (2012), and two specifications of using marijuana under Article 112a, UCMJ, 10 U.S.C. § 912a (2012). Appellant was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The findings and sentence were approved by the convening authority as adjudged.

In its opinion on appeal, the United States Army Court of Criminal Appeals addressed the issues of legal and factual sufficiency, unreasonable multiplication of charges, and the appropriateness of the military judge's sentencing instructions. *United States v. Feliciano*, No. ARMY, 20140766, 2016 CCA LEXIS 512, 2016 WL 4446558 (A. Ct. Crim. App. Aug. 22, 2016). One of the attempted aggravated sexual assault specifications was conditionally dismissed on grounds of un-

reasonable multiplication of charges, contingent on the other specification "surviving the 'final judgment' as to the legality of the proceedings." *Id.* at \*10, 2016 WL 4446558, at \*4; *see* Article 71(c)(1), UCMJ, 10 U.S.C. § 871(c)(1) (2012). Appellant did not raise the issues before us with the CCA, and the lower court did not address them. *Feliciano*, 2016 CCA LEXIS 512, 2016 WL 4446558.

## II. Discussion

### A. Voluntary Abandonment

"[V]oluntary abandonment is a defense to the crime of attempt." *United States v. Byrd*, 24 M.J. 286, 290 (C.M.A. 1987). Appellant did not object at trial to the military judge's failure to instruct panel members on the affirmative defense of voluntary abandonment.[1] *See id.* (holding that voluntary abandonment is a defense to charges of attempted criminal

---

[1] Defining and differentiating the terms "affirmative defense" and "special defense" under military law has proven troublesome over the years. Under Rule for Courts-Martial (R.C.M.) 916(a), the term "'defenses' includes any special defense," and "[s]pecial defenses are also called 'affirmative defenses.'" R.C.M. 916(a) Discussion. The modifiers "special" and "affirmative" appear to add nothing to the term "defense" as used in the rule. The varying burdens of proof ascribed to the listed defenses, however, add an aspect of difference between them: "Except as listed below in paragraphs (2), (3), and (4), the prosecution shall have the burden of proving beyond a reasonable doubt that the defense did not exist." R.C.M. 916(b)(1). By default, therefore, the prosecution bears the burden of having to disprove a defense raised at trial. But for the three defenses singled out, the defense bears the burden of initially proving the defense "by a preponderance of the evidence," and only after that burden is met must the prosecution prove "beyond a reasonable doubt that the defense did not exist." R.C.M. 916(b)(2); R.C.M. 916(b)(3); R.C.M. 916(b)(4). This aligns with the definition of an "affirmative defense" found in *Black's Law Dictionary* 509 (10th ed. 2014): "The defendant bears the burden of proving an affirmative defense." Thus, the three defenses under R.C.M. 916 for which the defense bears the initial burden of proof should be appropriately referred to as affirmative defenses, and every other defense under the rule is a special defense that, if raised at trial, the defense need not initially prove in order for the burden of proof to be placed on the prosecution. The defense at issue in this case is that of reasonable mistake of fact as to consent with regard to the sexual conduct that took place, and this is an affirmative defense. R.C.M. 916(b)(4).

conduct). Accordingly, this issue was forfeited and we review for plain error.[2] *United States v. Davis*, __ M.J. __, __ (7–8 (C.A.A.F. 2017); R.C.M. 920(f). "Under this Court's plain error jurisprudence, Appellant has the burden of establishing (1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Knapp,* 73 M.J. 33, 36 (C.A.A.F. 2014) (citing *United States v. Brooks*, 64 M.J. 325, 328 (C.A.A.F. 2007)). "[T]he failure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

We must first determine whether the military judge erred by not instructing panel members on the defense of voluntary abandonment. A military judge must give such an instruction if, with regard to an affirmative defense, "there is some evidence in the record, without regard to credibility, that the members could rely upon if they choose." *United States v. Behenna*, 71 M.J. 228, 234 (C.A.A.F. 2012) (citing *United States v. Schumacher*, 70 M.J. 387, 389 (C.A.A.F. 2011)). "In other words, a military judge must instruct on a defense when, viewing the evidence in the light most favorable to the defense, a rational member could have found in the favor of the accused in regard to that defense." *Id.*

---

[2] This Court and military law have historically had difficulty defining the terms "waiver" and "forfeiture" consistently. Our findings in *United States v. Gladue*, however, provide clarity in this matter:

> Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right. The distinction between the terms is important. If an appellant has forfeited a right by failing to raise it at trial, we review for plain error. When, on the other hand, an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal.

67 M.J. 311, 313 (C.A.A.F. 2009) (internal quotation marks omitted) (citations omitted).

The defense of voluntary abandonment is defined as follows in the *Manual for Courts-Martial, United States* (*MCM*):

> It is a defense to an attempt offense that the person voluntarily and completely abandoned the intended crime, solely because of the person's own sense that it was wrong, prior to the completion of the crime. The voluntary abandonment defense is not allowed if abandonment results, in whole or in part, from other reasons, for example, the person feared detection or apprehension, decided to await a better opportunity for success, was unable to complete the crime, or encountered unanticipated difficulties or unexpected resistance.

*MCM* pt. IV, ¶ 4.c.(4) (2012 ed.).

Appellant ceased his actions on PV2 KF only after SPC RS verbally interrupted him. It was only upon being reminded that what he was about to do was illegal and that he would suffer serious consequences if he followed through with it that he stopped. To get the benefit of the voluntary abandonment instruction, Appellant had to show some evidence that he decided not to complete the sexual assault *solely* because of his own sense that it was wrong. There is no evidence that Appellant's actions were motivated solely by such a realization. Rather, it is conspicuous that Appellant "feared detection or apprehension" as a result of SPC RS's statement and presence. *Id.* In other words, Appellant only ceased acting against PV2 KF "'because of unanticipated difficulties, unexpected resistance, or circumstances which increase[d] the probability of detention or apprehension.'" *State v. Mahoney*, 870 P.2d 65, 71 (Mont. 1994) (quoting *People v. McNeal*, 393 N.W.2d 907, 912 (Mich. Ct. App. 1986)). Under these circumstances, the absence of "some evidence" of voluntary abandonment is apparent. There is therefore no error to correct.

In light of Appellant's failure to establish the first prong of the plain error test, we find that the military judge did not commit plain error when he did not instruct members on the voluntary abandonment defense.

B. Mistake of Fact as to Consent

Appellant next contends that the military judge erred when he instructed panel members that any mistake of fact on his part as to PV2 KF having consented to the sexual acts in question must have been both honest and reasonable. Appellant argues that such a mistake must simply have been honest.

We do not reach the merits of Appellant's argument. Rather, we find "that there was no evidence 'whatsoever' that [A]ppellant believed that [PV2 KF] was consenting to sexual [conduct] with him." *United States v. Jones*, 49 M.J. 85, 91 (C.A.A.F. 1998). Appellant was very clearly attempting to engage in sexual conduct with a substantially incapacitated woman who was voicing her objections. Moreover, Appellant only ceased his actions when confronted by SPC RS regarding their serious repercussions. Finally, no witnesses attested to any evidence suggesting that PV2 KF was consenting, nor did defense counsel make any mention of this theory in his arguments.

"Generally, a superfluous, exculpatory instruction that does not shift the burden of proof is harmless, even if the instruction is otherwise erroneous." *Behenna*, 71 M.J. at 234. In this case, the military judge's instruction on mistake of fact as to consent was superfluous and did not shift the burden of proof. Accordingly, even if Appellant is correct and the instruction was erroneous, it is harmless beyond a reasonable doubt.

**III. Judgment**

The judgment of the United States Army Court of Criminal Appeals is affirmed.