# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant NATHAN P. CANCELLIERI**
**United States Army, Appellant**

ARMY 20160525

Headquarters, 7th Infantry Division
Kenneth W. Shahan, Military Judge (arraignment)
Sean F. Mangan, Military Judge (trial)
Lieutenant Colonel James W. Nelson, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan A. Osterhage, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick, JA; Captain Joshua B. Banister, JA (on brief).

15 February 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

We affirm this case, holding a trial counsel's presentencing argument referring to a punishment greater than the court-martial could adjudge did not amount to plain error when viewed in the context of the argument's overall theme. Even if the argument was plain error, appellant failed to establish prejudice to a substantial right because, among other reasons, the military judge sua sponte instructed the panel on appropriate sentence considerations.

A panel composed of officer and enlisted members sitting as a special court-martial convicted appellant of maltreatment and two specifications of abusive sexual contact in violation of Articles 93 and 120, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 893, 920 (2012). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant asserts one assigned error, which merits discussion but no relief. Appellant personally raises additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find meritless.

## BACKGROUND

During the government's presentencing argument, trial counsel asked the panel to adjudge, *inter alia*, six months of confinement and went on to explain the basis for this suggestion:

> Now, this is a round number, but it is not an arbitrary number. There's two reasons that the government arrived at this figure. The first is an acknowledgement of many of the things that we have heard about. There is good service that has been rendered by [appellant]. He does have some potential, and the government is not ignoring that or trying to dismiss that.
>
> Additionally, the government recognizes that in this specturm of offenses that fall under Article 120, this is not necessarily the most severe. And that's why when you look at first, if this case had been brought at a general court-martial, based on these same charges, the accused would be facing potentially fifteen years confinement. So that [sic] something that we're not even close to here because of the recognition of what is going on.
>
> Second, is at this court-martial right now, a sentence of up to one year is authorized. And the government is not asking for that maximum sentence; we're only asking for that six month sentence out of recognition of those two factors that I pointed out. But I think there is another important justice behind that six month figure. When you look back to the specifications as you, the panel members, found him, Sergeant [H] suffered through the behavior and actions of [appellant] for five months. It was a five month ordeal that you saw him talk about the effect it had on him, and you heard his mother talk about the effect it had on him. And therefore, the government asks, and the government believes it's only fair that [appellant] suffer confinement for longer than the period that Sergeant [H] has already had to endure.

Defense counsel did not object to this argument. When trial counsel finished argument, the military judge, sua sponte, instructed the panel:

> The trial counsel referenced some maximum punishment amounts. Congress has given the authority to the President, and through that authority, the President does set maximum punishments for various offenses under the code. However, that should not be a guide for you in determining. You are set—and each court-martial has its own unique circumstance. In this particular court-martial, the law limits you to a maximum punishment that I will describe to you.

The panel members all agreed they could follow the military judge's instruction. Defense counsel did not object to the military judge's corrective instruction.

After civilian defense counsel's presentencing argument, the military judge instructed the panel that "[t]he maximum punishment that may be adjudged in this case is reduction to the grade of E-1; forfeiture of two-thirds pay per month for twelve months; confinement for twelve months; and a bad-conduct discharge."

## LAW AND DISCUSSION

Appellant requests this court set aside his sentence and authorize a new sentencing proceeding because trial counsel's argument referred to a punishment or quantum of punishment greater than the court-martial could adjudge in violation of Rule for Courts-Martial (R.C.M.) 1001(g).

Appellant concedes he did not object at trial to the improper argument or the corrective instruction. "Failure to object to improper argument before the military judge begins to instruct the members on sentencing shall constitute waiver of the objection." R.C.M. 1001(g). Because appellant did not object to trial counsel's sentencing argument, we review the propriety of the argument for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013) (citing *United States v. Marsh,* 70 M.J. 101, 104 (C.A.A.F. 2011)).

Under plain error review, appellant must prove: 1) there was error, 2) such error was clear or obvious, and 3) the error materially prejudiced a substantial right of the accused. *United States v. Feliciano*, 76 M.J. 237, 240 (C.A.A.F. 2017); *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014); *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008). Government appellate counsel did not address whether the government believes there was plain error. To the extent this was a concession, we do not accept it.

While trial counsel's reference to fifteen years was error, we find no plain or obvious error because we focus not "on words in isolation, but on the argument as 'viewed in context.'" *United States v. Baer*, 53 M.J. 235, 238 (C.A.A.F. 2000) (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)). The inappropriate argument was within a context of the trial counsel referencing pro-appellant sentencing factors. The trial counsel noted appellant's "good service," his "potential," and averred his misconduct was not the "most severe." Because of these pro-appellant factors, the trial counsel argued appellant's case warranted only half of the confinement authorized for a special-court martial. Under this context, we do not find plain or obvious error.

Even assuming we were to find plain or obvious error, we conclude appellant has failed to meet his burden to demonstrate a material prejudice to his substantial rights. To make this determination, we have examined the "*Fletcher* factors," articulated in *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005), as applied in the context of an allegedly improper sentencing argument. *United States v. Frey*, 73 M.J. 245, 249 (C.A.A.F. 2014) (citing *Halpin*, 71 M.J. at 480). In *Fletcher*, our superior court instructed us that the "best approach [in assessing prejudice] involves a balancing of three factors: 1) the severity of the misconduct, 2) the measures adopted to cure the misconduct, and 3) the weight of the evidence supporting the conviction." 62 M.J. at 184; *see also Frey*, 73 M.J. at 249.

We consider whether "trial counsel's comments, taken as a whole, 'were so damaging that we cannot be confident that [appellant] was sentenced on the basis of the evidence alone.'" *Frey*, 73 M.J. at 249 (quoting *Halpin*, 71 M.J. at 480) (alteration in original). Trial counsel argued appellant's conduct was on the less-severe end of the spectrum of Article 120, UCMJ, offenses. The fact that the panel sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1 after finding him guilty of one specification of maltreatment and two specifications of abusive sexual contact demonstrates the lack of prejudice. *See Baer*, 53 M.J. at 238 ("In view of the relative lightness of the sentence which appellant received, we believe that his substantial rights were not materially prejudiced by the imperfections in his sentencing hearing.").

As to curative measures, the military judge sua sponte instructed the members that the trial counsel's reference to fifteen years and a general-court martial was not the sentencing guide for appellant's case. Further, the military judge gave proper sentencing instructions informing the panel that "the maximum punishment that may be adjudged . . . [was] reduction to the grade of E-1, forfeiture of all pay and allowances, confinement for one year, and a bad-conduct discharge." *See Fletcher*, 62 M.J. at 185. Defense did not object to the military judge's instructions or request additional corrective action or relief.

4

CANCELLIERI—ARMY 20160525

The evidence supporting appellant's sentence was strong and any improper comment was "surrounded by powerful and proper sentencing argument." *Frey*, 73 M.J. at 251. As evidence in aggravation, the trial counsel appropriately argued for the panel to consider the victim and his mother's testimony highlighting the negative effects of appellant's crimes on the victim. Trial counsel's appeal to the panel to confine appellant for one month longer than he made his victim suffer was a reasonable argument. The panel seems to have agreed—they sentenced appellant to the six months of confinement requested by the government. As in *Halpin* and *Frey*, the "'weight of the evidence amply supports the sentence imposed by the panel'" and appellant "has failed to demonstrate he was not sentenced on the basis of evidence alone." *Id.* (quoting *Halpin*, 71 M.J. at 480). Appellant faced a sentence to, *inter alia*, one year of confinement and a bad-conduct discharge. He was sentenced to, *inter alia*, only six months confinement and a bad-conduct discharge.

We hold all the *Fletcher* factors weigh in favor of the government and appellant's sentence was based on the evidence alone. *See Halpin*, 71 M.J. at 480. Accordingly, we find no material prejudice to appellant's substantial rights.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5