# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32462**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew J. BRANSON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 August 2018

————————————

*Military Judge:* Marvin W. Tubbs II.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, reduction to E-1, and a reprimand. Sentence adjudged 9 December 2016 by SpCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Major Jarett Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph Kubler, USAF; Major J. Ronald Steelman III, USAF; Mary Ellen Payne, Esquire.

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges.*

Judge HUYGEN delivered the opinion of the court, in which Senior Judge HARDING and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Judge:

Appellant, pursuant to his pleas, was found guilty at a special court-martial of one specification each of damaging a police car, being drunk and disorderly, and assaulting a woman, in violation of Articles 109, 134, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 909, 934, 928. Appel-

lant pleaded not guilty but a panel of officer and enlisted members found him guilty of one specification each of assaulting an Airman Basic, assaulting an Airman First Class, and being derelict in the performance of his duties by negligently failing to refrain from engaging in conduct that contributed to a hostile work environment, in violation of Articles 128 and 92, UCMJ, 10 U.S.C. §§ 928, 892. The panel sentenced Appellant to a bad-conduct discharge, confinement for three months, reduction to the grade of E-1, and a reprimand. The convening authority approved the sentence as adjudged.

Appellant raises on appeal four issues: (1) whether the charge of negligent dereliction of duty is unconstitutionally vague; (2) whether the evidence is factually and legally sufficient to support Appellant's conviction for negligent dereliction of duty; and (3)-(4) whether the evidence is factually and legally sufficient to support Appellant's conviction for assault consummated by a battery of the Airman First Class and, separately, the Airman Basic. We also reviewed the post-trial processing of Appellant's court-martial. As a result of that review, we order new post-trial processing and thus do not now address the assignments of error.

## I. BACKGROUND

The errors in the post-trial processing of Appellant's court-martial include the following:

- The Staff Judge Advocate's Recommendation (SJAR) leaves out reduction to E-1 and "per month" after "two-thirds pay" from the maximum imposable sentence. More significantly, it fails to advise the convening authority that he could disapprove, commute, or suspend, in whole or in part, the reprimand and reduction to E-1.

- The Report of Result of Trial (RRT) attached to the SJAR omits "knew or" before "should have known" from the specification of Second Additional Charge II. The mistake is repeated in the court-martial order.

- The Personal Data Sheet (PDS) attached to the SJAR is not the PDS amended during trial and admitted as Prosecution Exhibit 2. The PDS attached to the SJAR has a later TAFMSD (Total Active Federal Military Service Date) and omits Appellant's Prior Service, Overseas Service (OCONUS), and at least seven awards, decorations, or devices.

- The trial defense counsel's post-trial submission asks the convening authority to "consider reducing [Appellant's] Bad Conduct Discharge to an administrative characterization," which the convening authority could not do in Appellant's case. Later in the memorandum, the defense counsel acknowledges the "restraints" of R.C.M.

1107(d)(1)(B) on the convening authority's power to affect the bad-conduct discharge and then requests "disapproval of the adjudged reduction in rank or of the automatic forfeitures." Automatic forfeiture of pay during confinement pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b, cannot be "disapproved." Appellant himself asks for "some relief" but "only" consideration of "upgrading my discharge from a Bad Conduct Discharge."

- The addendum to the SJAR makes no mention of the mistakes in the SJAR, SJAR attachments, or Appellant's clemency submission.

- There is no documentation in the record that Appellant or the convening authority received the statement submitted by one of Appellant's victims, which the convening authority must consider before taking action. *See* R.C.M. 1106(d)(3), 1107(b)(3)(A)(iv).

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005); *see also United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citing *United States v. Payne*, 73 M.J. 19, 23 & n.3 (C.A.A.F. 2014), to hold that where the rule uses "waiver" but only "in the absence of plain error," it means "forfeiture"). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436-37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice. . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

There is no doubt Appellant forfeited a claim of error in the post-trial processing of his case when he failed to comment on any such error in a timely manner or at all. However, it is equally clear there were errors and at least three—the SJAR failure to advise the convening authority of his options for the reduction to E-1 and reprimand, the PDS omissions regarding Appellant's Navy service, and the defense counsel's misstatement of the convening authority's clemency power—were obvious. *See United States v. Parker*, 73 M.J. 914, 921 (A.F. Ct. Crim. App. 2014) ("Although the Rules for Courts-Martial

do not explicitly require mention of an accused's overseas or combat service, where a summary of the accused's service record is prepared, that summary must be accurate."). We are left to consider whether there has been a colorable showing of possible prejudice to Appellant.

Thus far in 2018, this court has issued show-cause orders and specified issues requiring the Government and appellants to address error in post-trial processing. *See, e.g., United States v. Hurtado*, 2018 CCA LEXIS 402 (A.F. Ct. Crim. App. 22 Aug. 2018) (unpub. op.); *United States v. Aiken*, 2018 CCA LEXIS 366 (A.F. Ct. Crim. App. 20 Jul. 2018) (unpub. op.). In Appellant's case, we choose instead to demonstrate judicial efficiency and address the action, following the path laid in *United States v. Gaters*, 2018 CCA LEXIS 364 (A.F. Ct. Crim. App. 20 Jul. 2018) (unpub. op.) (holding that, because the SJAR and RRT misstated the findings, the action was in error). The convening authority took action lacking accurate and complete information about his options to grant clemency, Appellant's military service, and a victim statement and might have taken a different action had he been properly advised. The only clemency Appellant requested—"upgrading" the bad-conduct discharge—was clemency the convening authority could not grant, and one of the two alternatives requested by Appellant's counsel—"disapproval" of the automatic forfeitures—was not an option. The addendum to the SJAR corrected none of the errors in the SJAR or clemency submission. *See United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018) (citing *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.)). Thus, we set aside the convening authority's action, order new post-trial processing, and direct conflict-free trial defense counsel.

### III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court