# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**First Lieutenant HECTOR HERNANDEZAVILES**
**United States Army, Appellant**

ARMY 20170131

Headquarters, 25th Infantry Division
Mark A. Bridges, Military Judge
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Captain Oluwaseye Awoniyi, JA; Nathan Freeburg, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA; Captain KJ Harris, JA (on brief).

26 February 2019

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Senior Judge:

Appellant asserts he was denied his Sixth Amendment right to effective counsel and, as a result, to an impartial factfinder because his defense counsel failed to challenge a panel member on actual and implied bias. We disagree and find that his defense counsel made reasonable tactical decisions at trial.[1] Appellant also asserts the military judge's inclusion of questioning on appellant's alcohol

---

[1] An officer panel sitting as a general court-martial convicted appellant contrary to his plea of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [UCMJ]. The members sentenced appellant to a dismissal, confinement for eighteen months, forfeiture of all pay and allowances, and a reprimand. The convening authority approved the sentence as adjudged.

consumption was error and prejudicial to appellant. We will discuss this issue briefly, but find it is meritless.[2]

## BACKGROUND

Appellant and JV met on a dating website. Appellant was living in Hawaii and JV was living in California. After approximately ten days of messaging and video chatting with each other, JV flew to Hawaii to meet appellant in person for the first time. She planned to stay with him for several days at his home. The first couple of days were rocky. Appellant and JV did not get along. They spent most of the third day not talking to each other. Eventually, appellant and JV reconciled and went out to dinner together in the evening of the third day of her visit.

When they returned to appellant's home, they began to have consensual vaginal intercourse. Appellant attempted to anally penetrate JV, but she told him to stop, and he did. They resumed having vaginal intercourse. Appellant, again, attempted to anally penetrate JV. She, again, told him to stop. Appellant told her, "Just let me, I'll be careful," and he continued to penetrate JV's anus. When JV tried to get up and leave, appellant grabbed her by the neck and forced his penis inside her vagina. JV screamed and pushed appellant off her. She went to the bathroom and called 9-1-1.

---

[2] We do not address in depth appellant's claim the military judge committed plain error when he improperly limited individual voir dire. Due to a military judge's broad discretion in conducting voir dire, we find this assignment of error does not merit any further discussion, nor relief. *See* Rule for Courts-Martial [R.C.M.] 912(d) ("The military judge may permit the parties to conduct the examination of members or may personally conduct the examination. . . . [T]he military judge shall permit the parties to supplement the examination by such further inquiry as the military judge deems proper."); *see also* R.C.M. 912(d) discussion ("The nature and scope of the examination of members is within the discretion of the military judge."); *United States v. Nieto*, 66 M.J. 146, 149 (C.A.A.F. 2008).

Appellant also personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find appellant's *Grostefon* matters do not warrant discussion nor relief.

**LAW AND DISCUSSION**

*1. Effective Assistance of Counsel*

On appeal, appellant claims his trial defense counsel should have challenged a panel member, Lieutenant Colonel Morris, for actual and implied bias. After reviewing the entire record of trial and the sworn affidavits submitted by appellant's trial defense counsel, we find the trial defense counsel's decision not to challenge LTC Morris was reasonable.

During individual panel member voir dire, LTC Morris stated that, fourteen years ago, a classmate of his from his officer advanced course was "allegedly raped" in a car by University of South Carolina football players. He stated the police "never went forward with charges based on the attack into her character." He stated he felt bad for his friend, and his wife tried to comfort her. Lieutenant Colonel Morris stated he had not spoken with his friend in over ten years and his friend's situation would not affect his ability to be fair and impartial in appellant's case.

When the military judge asked the trial defense counsel whether he had any challenges for cause, the defense counsel provided two names, LTC Poole and LTC Jackson. After the military judge first granted the challenge for LTC Jackson, the military judge asked the trial defense counsel to repeat the name of the second member being challenged for cause. The defense counsel stated a new name, LTC Slover. The military clarified that the two defense challenges for cause were for LTC Poole and LTC Slover, and the defense counsel confirmed. Appellant's trial defense counsel did not challenge LTC Morris and he ultimately sat on the panel.

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel were ineffective, appellant must satisfy the two-part test, "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009) (citations omitted).

On appeal, there is a presumption that a trial defense counsel's conduct "falls within the wide range of reasonable professional assistance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland*, 466 U.S. at 689). In order to avoid "the distorting effects of hindsight . . . [a] court must indulge a strong presumption that . . . under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. (quoting *Michael v. Louisiana*, 350 U.S. 91, 101 (1955)).

Both of appellant's defense counsel submitted affidavits to this court explaining their strategic reasons for not challenging LTC Morris as a panel member for actual or implied bias. The defense counsel state in their affidavits that they considered LTC Morris to be a panel member favorable to the defense. They focused on LTC Morris's choice of words, classifying what happened to his friend as "an alleged rape." This gave the defense counsel the impression that LTC Morris did not believe his friend was raped. Additionally, the defense counsel observed that LTC Morris did not appear angry when discussing the police's "character assassination" of his friend. This lead the defense counsel to believe that LTC Morris perhaps agreed with the police. Further, defense counsel recalled, "It was all very matter of fact to him. Based on my evaluation of [LTC Morris], I thought he would be capable of seeing [appellant's case] as another alleged rape."

We find that appellant's trial defense counsel made a strategic choice not to challenge LTC Morris. Based on LTC Morris' responses, which indicated he might not have believed his friend's rape allegation, and his "matter of fact" demeanor, this decision was objectively reasonable. As such, appellant's trial defense counsel were not deficient and appellant was not denied effective assistance of counsel, nor was he denied the right to an impartial panel.[3]

Whether to challenge a panel member is part science,[4] in part an art, and in part gut, and is therefore difficult to second-guess on appeal. Absent circumstances not present here, it is the type of discretionary decision in which *Strickland*'s presumption of competence will serve as a bar to relief.

### 2. Questioning on Alcohol Consumption

Appellant also claims he was prejudiced by evidence of his alcohol consumption on the evening of the sexual assault because it was improper character evidence under Military Rules of Evidence [Mil. R. Evid.] 404(b). During the government's case, JV testified regarding appellant's alcohol consumption during the three days leading up to and including the evening of the sexual assault. Defense did not object. During the defense case, appellant offered additional

---

[3] In regards to appellant's claim that his defense counsel were disorganized during voir dire, the defense counsel stated in his affidavit that he "simply misread [his] notes" when he initially stated the defense challenges for cause were for LTC Poole and LTC Jackson.

[4] *See, e.g., United States v. Kelly*, 76 M.J. 793, 796-97 (Army Ct. Crim. App. 2017) (Discussing the tactical "numbers game" where counsel exercise preemptory challenges to obtain a favorable number of members); rev'd on other grounds, 77 M.J. 404 (C.A.A.F. 2018).

testimony on direct examination about his alcohol consumption during the same period. During the trial counsel's cross-examination of appellant, the military judge sua sponte interrupted and instructed the panel members to disregard evidence of appellant's alcohol consumption two days prior to the sexual assault because it is irrelevant. All members agreed to follow the military judge's instruction.

After this instruction, during an Article 39(a) session outside the presence of the members, the trial counsel requested permission to question appellant regarding his alcohol consumption during the evening of the sexual assault. The military judge agreed it was relevant and permitted the trial counsel to only ask questions regarding appellant's alcohol consumption during the evening of the sexual assault. The defense counsel did not object. The trial counsel continued asking appellant about his alcohol consumption on the evening of the sexual assault. When asked whether he was intoxicated when he began to have sex with JV just prior to the sexual assault, defense objected on the basis that intoxication "calls for a legal conclusion." The military judge overruled the objection.

Although the defense eventually objected to this evidence during appellant's cross-examination, the basis for the objection was not Mil. R. Evid. 404(b), but rather that the question "calls for a legal conclusion." Thus, we apply a plain error standard of review to determine whether the military judge erred in his decision to allow the government to introduce evidence of appellant's alcohol consumption during the evening of the sexual assault. *United States v. Davis*, 76 M.J. 224, 229. "Under a plain error analysis, the accused has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014) (internal quotation marks omitted).

Appellant cannot show error, much less any error that is plain or obvious. The military judge correctly ruled that evidence of appellant's alcohol consumption during the evening of the sexual assault was relevant. Appellant's alcohol consumption was part of the facts and circumstances explaining the *res gestae* of the offense. *See, e.g., United States v. Metz*, 34 M.J. 349, 351 (C.A.A.F. 1992) ("[*res gestae* evidence] enables the factfinder to see the full picture so that evidence will not be confusing and prevents gaps in a narrative of occurrences which might induce unwarranted speculation."). Appellant's alcohol consumption was also relevant to assist the factfinder's assessment of the reliability and credibility of appellant's recollection of the events, which greatly differed from JV's testimony.[5]

---

[5] In regards to prejudice, appellant does not specifically state how he was prejudiced by this evidence, beyond a claim of "significant stigma" in the Army

(continued . . .)

## CONCLUSION

Upon consideration of the entire record, the finding of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
surrounding alcohol.  We are unaware of any such stigma.  Therefore, appellant has not met his burden of showing any error resulted in prejudice to his substantial rights.