# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist GONZALO M. PEREZ**
**United States Army, Appellant**

ARMY 20240076

Headquarters, Fort Carson
Jacqueline L. Emanuel and Scott A. Oravec, Military Judges
Lieutenant Colonel Kenton E. Spiegler, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Beau O. Watkins, JA (on brief); Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Beau O. Watkins, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Isaac J. Dickson, JA; Lieutenant Colonel Jacob H. Jones, JA (on brief)

16 October 2025

-------------------------
SUMMARY DISPOSITION
-------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of indecent recording and one specification of aggravated assault in violation of Articles 120c and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920c, 928 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, thirty months of confinement, and reduction to the grade of E-1.

Appellant raises two assignments of error.[1] First, he asserts that his conviction for aggravated assault is factually insufficient. For the reasons discussed below, we disagree and affirm the conviction.

Second, he asserts his conviction for indecent recording is legally and factually insufficient because the images introduced at trial, both in digital and paper formats, are too blurry to discern the victim's private area. We disagree. The crime of indecent recording is committed by knowingly and wrongfully recording the private area of another person without their knowledge and consent, without legal justification or lawful authorization, under circumstances where the other person has a reasonable expectation of privacy. UCMJ art. 120c(a)(2). The crime does not depend on the visual quality of the resultant recording. The government proved each element of this offense beyond a reasonable doubt, and this guilty finding is both legally and factually sufficient.[2]

## BACKGROUND



Appellant and ▮▮▮▮ who were in a relationship at the time, returned to appellant's home after an evening out with other friends and began to engage in sexual activity in his bedroom. Sometime later, appellant's roommate, Private First Class (PFC) ▮▮, and another soldier, Specialist (SPC) ▮▮, entered the room and began engaging in sexual acts with the victim.

While PFC ▮▮ and SPC ▮▮ were simultaneously penetrating her with their penises, and while Ms. ▮▮ was naked on the bed, appellant used his phone to record this activity. He recorded her without her awareness or consent.

Ms. ▮▮ left appellant's home and called multiple friends to pick her up. Eventually, four of her friends arrived. While she hid in the back of a car, Mr. ▮▮ and Mr. ▮▮ shouted at appellant to come outside and pounded angrily on his door.

---

[1] We have given full and fair consideration to the issue the appellant personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and we determine it merits neither discussion nor relief.

[2] We discuss the standard for factual sufficiency below. "'The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt.'" *United States v. Robinson*, 77 M.J. 294, 297-98 (C.A.A.F. 2018) (quoting *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017)). We draw "'every reasonable inference from the evidence of record in favor of the prosecution.'" *United States v. Smith*, 83 M.J. 350, 359 (C.A.A.F. 2023) (quoting *Robinson*, 77 M.J. at 298). We review legal sufficiency de novo. *Robinson*, 77 M.J. at 297 (internal quotations and citation omitted).

Appellant opened the door with a handgun and chambered a round in front of the others.

Mr. ██ testified that appellant pointed the weapon directly at him. Mr. ██ who was next to him, testified that appellant did not point the weapon directly at anyone. Ms. ██ who was shouting that she was calling the police, testified that he was "waving it around," while her sister Ms. ██ testified that the weapon was pointing at her sister. Ms. ██ and Ms. ██ were standing some distance behind Mr. ██ and Mr. ██ who were at the door. Appellant's brother, who was inside the home, acknowledged that appellant answered the door with a firearm but testified that he never saw appellant point it at anyone. The altercation ended without any physical violence.

## LAW AND DISCUSSION

We review factual sufficiency of a conviction under Article 66(d)(1)(B), UCMJ:

> (i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.

> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—

> (I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and

> (II) appropriate deference to findings of fact entered into the record by the military judge.

> (iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

If the "trigger conditions" (assertion of error and showing of deficiency) are met, we may review for factual sufficiency. To be "clearly convinced" that the finding was against the weight of the evidence, we must decide that the evidence as we weigh it does not prove that the appellant is guilty beyond a reasonable doubt, and we must be clearly convinced of the correctness of this decision. *United States v. Harvey*, 85 M.J. 127, 132 (C.A.A.F. 2024). The degree of deference we give the

trier of fact "will depend on the nature of the evidence at issue." *Id.* at 130; *accord United States v. Downum*, __ M.J. __, 2025 CAAF LEXIS 828, at *13 (C.A.A.F. 23 Oct. 2025) (noting that the "level of deference owed by a service court to certain factual determinations by the trial court . . . ." will depend on the type of evidence presented at trial).

Appellant contends his conviction for aggravated assault is not factually sufficient, because testimony conflicted about whether he actually pointed the weapon at Mr. ██ We disagree.

We have long maintained that evidence need not be free of conflict in order to establish proof beyond a reasonable doubt. *E.g.*, *United States v. Whigham*, 72 M.J. 653, 662 (Army Ct. Crim. App. 2013) (citing *United States v. Teeter*, 12 M.J. 716, 722 (A.C.M.R. 1981)), pet. denied 73 M.J. 83 (C.A.A.F. 2013). In this case, where the evidence of the fact at issue is almost exclusively witness testimony, we give greater deference to the trial court that actually heard and saw the witnesses provide various accounts of this tense and dynamic confrontation. *See United States v. Davis*, 75 M.J. 537, 546 (Army Ct. Crim. App. 2015), aff'd 76 M.J. 224 (C.A.A.F. 2017); *Harvey*, 85 M.J. at 131 ("a [court of criminal appeals] might determine that the appropriate deference required for a court-martial's assessment of the testimony of a fact witness . . . is high because the CCA judges could not see the witness testify.").

The victim, Mr. ██ unequivocally perceived and testified the firearm was pointed directly at him twice. The second time the firearm was pointed at him was when Ms. ██ announced she was going to call the police. Mr. ██ further testified that in response to Ms. ██'s statement, appellant "pulled the gun up again and said, don't call the police." When asked at whom appellant pointed the weapon, Mr. ██ replied, "Well, I was standing in front of [Ms. ██. So again, at me." Ms. ██ also testified that the firearm was pointed at her sister, Ms. ██ Since Ms. ██ was standing behind Mr. ██ it is reasonable to infer it appeared as if the firearm was pointed *through* Mr. ██ toward Ms. ██ While other witnesses had divergent perspectives, we are not clearly convinced that the finding of guilty was against the weight of the evidence.

We also find the evidence sufficient to disprove self-defense. Appellant asserts that he was acting lawfully in self-defense, and by extension therefore lacked the requisite intent to do bodily harm. It is a defense to aggravated assault that the accused "[a]pprehended, on reasonable grounds, that bodily harm was about to be inflicted wrongfully on [him]," and therefore "[i]n order to deter the assailant, offered but did not actually apply or attempt to apply such means or force as would be likely to cause death or grievous bodily harm." Rule for Courts-Martial, *Manual for Courts-Martial, United States* (2019 ed.) [R.C.M.] 916(e)(2).

4

In assessing the reasonableness of the accused's belief, one factor to consider is the possibility of safe retreat. R.C.M. 916(e)(1) discussion. Here, appellant was already in his own home behind the door. The would-be assailants were on the other side of the closed door and had no ability to inflict bodily harm upon him. He could not have reasonably apprehended that bodily harm was imminent. It was not necessary to open the door at all, let alone brandish a dangerous weapon, chamber a round in front of the people on his doorstep, point it at one of those people, and command them not to call the police. With this circumstantial evidence of intent, and again giving appropriate deference to the trial court that heard and saw the witnesses, we are not clearly convinced that the finding of guilty was against the weight of the evidence on the issue of self-defense.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court